FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV -3 PM 4: 53

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARINETE D. MAMERTO** | **CIVIL ACTION** |
| **VERSUS** | **NO:     03-3240** |
| **JOANNE B. BARNHART,**<br>**COMMISSIONER OF SOCIAL SECURITY** | **SECTION: "A" (4)** |

## REPORT AND RECOMMENDATION

### I.     Introduction

This is an action for judicial review of a final decision of the Commissioner of Social Security pursuant to **42 U.S.C. § 405(g)**. The Commissioner granted Marinete Mamerto's claim for Disability Insurance Benefits as a disabled widow, under Title II of the Social Security Act, **Title 42 U.S.C. § 423** but made the benefits retroactive to September 13, 2002. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 19.02E(b), for the submission of Proposed Findings and Recommendations.

### II.     Factual Summary

Mamerto filed a request for disability insurance benefits and disabled widow's insurance on March 15, 2002. In support of her request, Mamerto submitted evidence of her age pursuant to 20 C.F.R. § 404.715. The evidence, her birth certificate and her baptismal records contained conflicting information regarding Mamerto's actual date of birth. The birth certificate indicates that she was

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

born on May 15, 1942, and the baptismal certificate indicates that she was born on September 13, 1942. The Administrative Law Judge ("ALJ") found that Mamerto was retroactively eligible for disability insurance benefits and disabled widow's insurance benefits from May 15, 2002. The Appeals Council partially reversed the ALJ's finding, ruling that Mamerto's retroactive eligibility date was September 13, 1942, not May 15, 1942. She appeals the ruling of the Appeals Council.

## III. Standard of Review

The role of this Court on judicial review under Title 42 U.S.C. § 405(g) is to determine whether there is substantial evidence in the record to support the determination of the fact finder. The Court may not re-weigh the evidence, try issues *de novo* or substitute its judgment for that of the secretary. *Allen v. Schweitker*, 642 F.2d 799, 800 (5th Cir. 1981). If supported by substantial evidence, the secretary's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389 (1971). *See also Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981).

Substantial evidence is more than a scintilla and less than a preponderance, and is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. It must do more than create a suspicion of the existence of the fact to be established. *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973). A single piece of evidence will not satisfy the substantiality test if the ALJ ignores, or fails to resolve, a conflict created by countervailing evidence. *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).

## IV. Appeals Council Finding regarding September 13, 1942 v. May 15, 1942 Birth Date

Mamerto contends that the Appeals Council's finding that her birth date of September 13,

1942 is erroneous because the decision is not based upon substantial evidence. Mamerto argues that because the birth certificate was issued in 1971 and the baptismal certificate was issued in 1980, that the birth date in the birth certificate should control. As a result, she alleges that the evidence establishes that she was born on May 15, 1942 and not September 13, 1942.

In contrast, the Commissioner contends that the decision of the Appeals Council is based upon substantial evidence. It alleges that the Council's decision is consistent with the regulations requiring that a determination of age be made after looking at the date the documentation of age was recorded.

Under 20 C.F.R. § 404.716(a), the best evidence of a person's age, if such evidence is obtainable, "is either: a birth certificate or hospital birth record **recorded** before age 5; or a religious record which shows [the] date of birth and was recorded before age 5." 20 C.F.R. § 404.716(a)(emphasis added).

In the instant case, the Appeals Council relies on a Baptism Certificate issued on July 25, 1980. (Tr. 33). The Baptism Certificate is a handwritten copy of Mamerto's baptismal record recorded on January 3, 1943. *Id.* The Baptism Certificate indicates that according to her baptismal record in book number 5, page 88 in the Archdiocese of Natal, Mamerto's date of birth was September 13, 1942. *Id.*

In contrast, Mamerto relies on a Birth Certificate issued on December 21, 1971. (Tr. 35). The Birth Certificate is a typewritten copy of the Civil Registry Records recorded on June 8, 1966. *Id.* The Birth Certificate indicates that according to the registry records in Book A 174, page 127, Mamerto was born on May 15, 1942 at three in the morning in Natal, Brazil. *Id.*

The controlling regulation shows that Mamerto's date of birth for purposes of making a

3

determination regarding widow disability and disability insurance benefits is the recorded date and not the issued date.   *See*   20 C.F.R. § 404.716(a).   Because the Baptismal Record was recorded within the five-year time frame contemplated by the regulation, it is the preferred evidence. Therefore, the Appeals Council's finding that she was born on September 13, 1942 is based upon substantial evidence.

## V.   Recommendation

It is the **RECOMMENDATION OF THIS COURT** that the ALJ's decision denying Marinete D. Mamerto's claim for Disability Insurance Benefits as a disabled widow be **AFFIRMED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.   *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

Houston, Texas, this **30**st day of  OCT          2005.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE